UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOY SLOAN**,

                     Plaintiff,

v.

                     Case No.
                     Hon.

**THE NAKISHER LAW FIRM, PLLC,**
and **MARC NAKISHER,**

                     Defendants.

**GOLD STAR LAW, P.C.**
**Maia J. Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

## COMPLAINT

Plaintiff, Joy Sloan, through her attorneys, Gold Star Law, P.C., for her Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Joy Sloan is an individual residing in Birmingham, Michigan.

2. Defendant Marc Nakisher is an individual residing in Huntington Woods, Michigan.

3. Defendant The Nakisher Law Firm, PLLC, is a Michigan professional limited liability company with its place of business in Royal Oak, Michigan.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 USC § 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 USC § 1331.

5. Defendants reside within this judicial district and the claims asserted in this action arose within this district. Venue is proper in this Court pursuant to 28 USC § 1391.

## FACTUAL ALLEGATIONS

6. Defendant Nakisher Law Firm, PLLC, ("Nakisher Law") is a law firm in Royal Oak, Michigan.

7. Defendant Marc Nakisher ("Nakisher") is the Managing Partner, resident agent, member and manager of Nakisher Law, and is responsible for managing its day-to-day operations and setting its compensation policies.

8. Defendants employed Plaintiff Joy Sloan ("Sloan") as a paralegal from September, 2019 until July 26, 2020.

9. Sloan's daily duties included scheduling client/attorney meetings, document review and research, client management, preparing and drafting documents, compiling documents (including Trusts), special needs Trust administration, and reception.

10. Sloan did not supervise any employees, nor did she have the ability to hire, fire or promote any employees, or make recommendations as to the hiring, firing or promotion of any employees.

11. Sloan did not exercise discretion and independent judgment with respect to any matters of significance.

12. From September, 2019 until July 26, 2020, Defendants compensated Sloan at a rate of $1,423.08 bi-weekly, which amount was intended, by agreement between Nakisher and Sloan, to compensate Sloan for 72 hours of work.

13. Sloan's regular rate of pay during her employment with Defendants, and as a result of the above referenced agreement between Sloan and Nakisher, was $19.76 per hour.

14. The agreement between Defendants and Sloan was that she was to work 36 hours per week for her weekly salary of $711.78. Defendants did not compensate Sloan for any hours worked in excess of 36 per week, and did not compensate Sloan at one and one half times her regular rate of pay for hours worked over 40 in a week.

15. Sloan worked an average of 40 - 60 hours per week throughout her employment with Defendants. Sloan generally worked from Monday through Friday in the office, and regularly worked after office hours and on the weekends.

16. Sloan kept records of all hours worked during her employment with Defendants.

17. Sloan often complained to Nakisher that she was working in excess of the agreed upon 36 hours and in excess of 40 hours per week for which she was not being properly paid.

18. Defendants were required to compensate Sloan for all hours worked and at one-and-one-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

19. Defendants did not compensate Sloan for all hours worked, for any hours worked in excess of 36 hours per week, or at an overtime rate for hours worked over 40 in a week.

20. Sloan was not exempt from the overtime pay requirements of the FLSA.

21. All hours worked by Sloan, including overtime hours, were worked at the direction and with the sufferance of Defendants.

22. Defendants had notice that Sloan was working in excess of 36 and in excess of 40 hours per week because Sloan informed Nakisher that she was working in excess of 40 hours per week and because Sloan communicated with Nakisher and other employees of Nakisher Law concerning work matters within and outside of the 36 hours for which she was paid.

23. Defendants' failure to pay overtime in violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

24. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

25. Plaintiff is an "employee" within the coverage of the FLSA. 29 USC § 203(e).

26. Defendants are "employers" within the coverage of the FLSA. 29 USC § 203 (d).

27. Defendants are an enterprise engaged in commerce as defined by the FLSA and have revenues in excess of $500,000.00 per year.  29 USC § 203(s).

28. Plaintiff is an "employee" engaged in "commerce" as defined by the FLSA.  29 USC § 203(b).

29. Pursuant to the FLSA, Defendants were required to pay Sloan for all hours worked and one and one half times Sloan's regular rate of pay for all hours worked in excess of 40 hours in a week.  29 USC § 207 (a).

30.     Defendants failed to pay Sloan for any and all hours worked and at one and one half times her regular rate of pay for hours worked in excess of 40 hours per week, in violation of the FLSA.

31.     An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 USC § 216(b).

**WHEREFORE**, Plaintiff Joy Sloan requests that this Court grant judgment in Sloan's favor and against Defendants, jointly and severally, of at least $6,728.00, plus liquidated damages equal to that amount, together with Sloan's costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  */s/ Maia Braun*
**Maia J. Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
Dated: November 30, 2020          (248) 275-5200